## CROCKETT *vs.* SEALE.

*Fourth Judicial District Court, July*, 1857.

RECEIVER—DEMURRER TO A COMPLAINT.

It is necessary, in an action by a receiver, that he should aver he represents the debt, or is authorised to sue for the same.

A receiver has no authority, *per se*, to sue in his own name, for a debt due the estate he represents.

The plaintiff, receiver in the affairs of Page, Bacon & Co., commenced this action for the recovery of $228, money advanced defendant in February, 1855. Defendant demurs on the ground that the facts stated do not constitute a cause of action, and on the argument made the point that the complaint failed to show the authority of the receiver to bring this action, and in the absence of that authority shown, it was to be presumed against him.

*Crockett & Page*, for plaintiff.

*McDougal & Sharp*, for defendant.

HAGER, J.—The demurrer to the complaint for want of sufficient statement of facts, is well taken. Plaintiff substantially avers that in an action pending in this Court, he was appointed receiver of the assets, etc., of Page, Bacon & Co., with authority to collect the same by suit or otherwise ; that having duly qualified as such receiver, and entered upon the duties of the office, there came into his possession a demand of Page, Bacon & Co.'s against the defendant for money lent, which was set forth in the complaint, and as such receiver he is entitled to demand and sue for the same, and asks judgment, etc. It does not appear that the plaintiff, in his character of receiver, represents the debt, or is entitled to sue. Ordinarily receivers, by the mere appointment of a court during the pendency of an action, have not authority to sue in their own names, even if a general power to sue be given, for an indebtedness or property due or belonging to the estates they represent. If plaintiff has a right of action in his own name, by special transfer or otherwise, it should be alleged ; there is no intendment of law in favor of it, and it should appear by the complaint.

Demurrer sustained, with leave to amend.